## THE STATE, Respondent, v. WILLIAMS, Appellant.

1. Perjury is, by statute, a felony. An indictment for perjury must charge that the act of false swearing was done feloniously.

2. It is the province of the court, and not of the jury, to determine whether the fact sworn to was material in the judicial proceeding in which the perjury is alleged to have been committed.

State v. Williams.

3. In trials for perjury it is improper to instruct the jury that the law presumes the declarations of a party against himself to be true, when the object of such an instruction is to make the declarations evidence of the falsity of the oath. The weight of such declarations is to be determined by the jury. Of themselves they are not sufficient to convict one of perjury.

## Appeal from Miller Circuit Court.

The defendant Williams was indicted at the October term, 1859, of the Miller circuit court for perjury alleged to have been committed by him in delivering his testimony before the grand jury at the October term, 1858, of said court, touching a charge of forgery preferred against one Charles H. Ingram, then undergoing investigation. The matter upon which the perjury was assigned was that Williams falsely and corruptly swore that Charles H. Ingram had falsely counterfeited and forged a promissory note, purporting to have been executed by J. Y. Williams & Co.; that said Ingram was not at the time of signing of said note, and never was, a copartner of his; and that he had no authority to sign the name of J. Y. Williams to the note. The act of false swearing charged was not alleged to have been done feloniously. The indictment concludes by charging that the defendant did falsely, feloniously, &c., commit wilful and corrupt perjury.

The court, on motion of the circuit attorney, gave the following instructions among others: " 1. If the jury believe from the evidence that the defendant appeared and was duly sworn as a witness before the grand jury of Miller county, at the October term, 1858, of the circuit court within and for said county, and that the said defendant gave testimony before said grand jury upon a charge of forgery then pending before said grand jury against one Charles H. Ingram in regard to the execution by said Ingram of the note read in evidence; and that the said defendant did before said grand jury depose and swear, among other things, in substance and to the effect charged in said indictment, and that said statements and facts, or the substance and effect of any one of said statements and facts, being material to the determina-

tion of the issue then pending before said grand jury upon said charge of forgery, was wilfully, knowingly and corruptly false, the jury must find the defendant guilty, and in that case may assess his punishment by imprisonment in the penitentiary for a period of years not less than two nor more than seven. 4. In considering the declarations and admissions of defendant, the jury must consider them altogether. He is entitled to the benefit of what he said for himself, if true; as the State is of any thing he said against himself, in any conversation proved by the State. What he said against himself the law presumes to be true, because against himself; but what he said for himself the jury are not bound to believe because said in a conversation proved by the State; they may believe or disbelieve it, as it is shown to be true or false by the evidence in the case."

The defendant was found guilty.

*Parsons*, for appellant.

I. It was the province of the court, and not of the jury, to determine the materiality of the alleged false matter sworn to. The court should have declared to the jury what part of the alleged false oath was material to the questions pending before the grand jury. The first instruction for the State was erroneous. There was no evidence to warrant the second and third instructions. The fourth instruction was erroneous. The declarations of the defendant, in cases of perjury, contrary to what has been charged to be false in the indictment, are not presumed to be true. Had they been made under oath, they would not have been taken as true against the alleged false oath, for the purpose of establishing its falsity, without other evidence to show the falsity of the statements alleged in the indictment and the truth of the declarations. (Whar. Am. C. L. 570.) It is a matter for the jury exclusively whether the whole or any part of the declarations of the defendant ought to be credited. (State v. Martin, 28 Mo. 530.) The instructions refused should have been given.

State v. Williams.

II. The motion in arrest should have been sustained. The indictment does not charge that the defendant did *feloniously* swear, depose, &c.

*Knott*, (attorney general,) for the State.

I. The instructions given on motion of the circuit attorney contained a correct exposition of the law; the court committed no error in giving them. The fourth instruction contains substantially the doctrine held in the case of The State v. Green, 13 Mo. 382. It is simply that the jury, while they believe what a party may say against himself, from the strong presumption that a sane man would not make an admission against himself unless it were true, may disbelieve what he says in his own favor because the same reason does not exist for believing it true. (Rosc. Cr. Ev. 37, 55.) This is an exact copy of the instruction in the case of The State v. Hays, 23 Mo. 319.) The court properly refused the instructions asked for defendant. The indictment is sufficient. The word "feloniously" is inserted so as to give color to the offence. There is no defect that can prejudice the defendant.

Scott, Judge, delivered the opinion of the court.

Perjury by our laws is made a felony, though not one at common law. The indictment in this case does not charge that the act of false swearing was done feloniously. It is well settled that in all indictments for a felony the act must be charged to have been done feloniously. The omission of that word in this indictment renders the judgment fatally defective.

The court, and not the jury, must determine whether the fact sworn to was material in the judicial proceeding in which the perjury is alleged to have been committed. The instruction therefore which submitted this question to the jury was erroneous.

In trials for perjury it is not proper to instruct the jury that the law presumes the declarations of a party against

himself to be true, when the object of such an instruction is to make the declarations evidence of the falsity of the oath. Such declarations are admissible, and their weight is to be determined by the jury. But of themselves they are not sufficient to convict one of the crime of perjury. Even when the defendant has made two distinct statements under oath, one directly the reverse of the other, it is not enough to produce the one in evidence to prove the other to be false. (Whar. Cr. Law, 761.) If the declarations of the party are presumed to be true, then the burden of proving the defendant's guilt is removed from the State, and he is required to prove his innocence.

Judgment reversed. The other judges concur.