STATE OF MISSOURI, Respondent, *vs.* OWEN HAGAN, Appellant.

1. *Practice, criminal—Evidence—Confessions, when inadmissible.*—The officers of the law went to A. and told him that all they wanted was to recover the goods stolen, and if he would tell them where they were, so that they could get them, that that would be the end of the matter, and nothing further would be done. A. informed them, whereupon he was arrested, and was convicted on this confession. *Held,* that this confession was involuntary, being induced by the flattery of hope and a promise of immunity from prosecution, and was inadmissible in evidence.

### Appeal from St. Louis Criminal Court.

*R. S. MacDonald,* for Appellant.

I. Before a confession of a defendant can be given in evidence against him, it must be shown to be voluntary. (1 Greenl. Ev., §§ 219-22; 1 Phillip's Ev., 449, and cases cited; Hector vs. State, 2 Mo., 166; State vs. Brockman, 46 Mo., 566, and cases cited.)

II. The officers, who arrested defendant and induced him to confess, were persons in authority, and stood in the same relation to the defendant as the owner of the property or the prosecutor. (1 Greenl. Ev., § 222; Joy Confess., 59, 61; Rex vs. Parratt, 4 C. & P., 570.)

WAGNER, Judge, delivered the opinion of the court.

The accused was indicted for grand larceny, and on the trial there was no evidence to convict him of the offense, except his own confessions.

There was an objection made to the introduction of his confessions on the ground that they were not given voluntarily. The court overruled the objection, and admitted them, and this ruling constitutes the only question in the case. The evidence is clear and explicit, that the officers went to the defendant and talked to him a long time in a friendly manner in reference to the taking of the property stolen, and that he denied knowing anything about it. Finally they told him, that all they wanted was to recover the goods, and, if he would tell them where they were so that they could get them, that that would be an end of the matter, and nothing further would be done. Defendant then told what he knew about

the larceny, and where the stolen articles were. He was then arrested, indicted, and convicted. It is very plain that the confessions were not voluntarily made. They were directly induced by the flattery of hope, and what the prisoner understood to be an assurance of immunity from prosecution in the event that he confessed and told what he knew about the transaction.

They were therefore wrongly admitted in evidence. (Hector vs. State, 2 Mo., 166 ; State vs. Brockman, 46 Mo., 566.)

The judgment must be reversed, and the cause remanded. The other judges concur.