# STATE OF MISSOURI, Respondent, v. EDWARD MURPHY, Appellant.

### St. Louis Court of Appeals, February 1, 1910.

1. **CRIMES AND PUNISHMENTS: Evidence: Judicial Confessions: Incompetent, When Not Made Voluntarily.** A judicial confession, induced by a promise of immunity from prosecution or by flattery of hope held out or by reason of fear, is incompetent to be received as evidence against the person making it.

2. ———: ———: ———: **Invited Error: Appellate Practice.** Accused could not on appeal object to the admissibility of an alleged judicial confession where it was brought out by his counsel in cross-examining a witness for the state.

3. ———: ———: **Confessions: Presumed to be True.** Confessions voluntarily made by accused, being against his interest, are presumed to be true.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*James R. Claiborne* for appellant.

*Arthur N. Sager* and *Cleveland A. Newton* for respondent.

NORTONI, J.—The defendant was convicted of the offense of petit larceny. His punishment having been fixed at one year in jail and a fine of one hundred dollars, an appeal is prosecuted to this court by him.

No briefs are on file for either party, but we have examined the record for error, as is our duty under the statute. The information filed is regular in every respect and sufficiently charges the offense of which defendant was convicted. Defendant was duly arraigned, pleaded not guilty and afforded the benefit of a trial by jury which resulted as above indicated.

It appears he was employed as a foreman in one of the departments of the Friedman Brothers Shoe Company's factory, and while thus employed stole and carried away ten pairs of shoes, the property of the Friedman Brothers Shoe Company, of the value of $22.50. After having carried away the shoes, he sold them to one Simon Slime, a retail dealer. There is an abundance of testimony tending to prove the theft, besides, after it was discovered, the defendant confessed the same to the superintendent of the shoe factory and other parties, as well. The court instructed the jury fully and fairly covering the offense of petit larceny and directed the defendant's acquittal unless the jury found his guilt beyond a reasonable doubt. The jury were told, too, that the law presumed the defendant innocent of the offense charged against him and that this presumption attended him throughout the trial and that the burden was on the State to overcome the same and establish his guilt beyond a reasonable doubt; that if the jury entertained a reasonable doubt as to any material fact essential to establish the offense, they should give the defendant the benefit of such doubt and acquit him.

Manifestly, the principal question intended for review here relates to the action of the trial court in receiving in evidence a confession given by defendant in another trial. It appears, upon discovering the theft of the shoes and the sale thereof by defendant to Simon Slime, a retail dealer, both the defendant and Slime were arrested on warrants issued out of the Court of Criminal Correction. The defendant was charged with petit larceny for having stolen the shoes and Slime was separately charged with the offense of having received stolen property from defendant, with the knowledge that it had been stolen. Slime was tried in that court on the charge preferred against him and the defendant testified for the State in that prosecution; that is to say, the defendant gave testimony to the effect that he stole the shoes and sold them to Slime. Slime was acquitted

and thereupon the prosecuting officer of that court entered a *nolle prosequi* as to the charges against this defendant for having stolen the shoes. The information on which defendant was tried and convicted in this case was filed thereafter in the circuit court by another officer, the circuit attorney. It is not clear in the record before us that the prosecuting attorney of the Court of Criminal Correction made any agreement not to prosecute the present defendant on the charge of larceny in view of his giving evidence for the State in the case against Slime, but such may be inferred from what appears. The defendant himself did not take the stand and there is no positive and direct proof to the effect that such a promise was made. The only matter occurring at the trial to which exceptions were preserved with the purpose to present it here for review relates to the confession of defendant made in the Court of Criminal Correction under the circumstances stated, which was given in evidence in this cause. Although it is not clear, the evidence tends to show that the confession made by defendant in the Court of Criminal Correction on the trial of Simon Slime was not voluntary in the sense of the law, it is to be inferred that it was induced either through a promise or a hope held out to him. If such judicial confessions are induced by a promise of immunity from prosecution or by flattery of hope held out or by reason of fear, they are incompetent to be received as evidence against the party making the same; in other words, such confessions are only competent evidence when they are voluntarily made. [State v. Hunter, 181 Mo. 316, 80 S. W. 955; State v. Brockman, 46 Mo. 566; Couley v. State, 12 Mo. 462; 6 Am. and Eng. Ency. Law (2 Ed.), 528, 529, 530, 531; 12 Cyc. 470; Kelley's Criminal Law and Practice, sec. 283.] Indeed the doctrine has been carried in this State to the considerable extent of excluding a confession made by an ignorant German boy, who was suspected at the time and, without counsel, testified at the

instance of the prosecuting attorney at the coroner's inquest in answer to questions propounded by the representative of the State when neither a promise, hope nor fear otherwise appeared. See State v. Young, 119 Mo. 495, 24 S. W. 1038. Be this as it may, we are unable to afford the defendant the benefit of the rule referred to for the reason it appears the substance of such confession was elicited in this case by himself; that is to say, defendant's counsel in cross-examining a witness for the State voluntarily elicited the evidence to the effect that defendant had testified in the Court of Criminal Correction that he had stolen the shoes and sold them to Slime. It is true thereafter the State sought to introduce some testimony to the same effect. This was excluded, however, by the court, and the only evidence we find in the record pertaining to the defendant's incompetent judicial confession was that elicited by defendant himself in cross-examination of the State's witness. It is clear the defendant waived his right in respect of this testimony and therefore he will not be permitted to predicate error thereon in this court.

However all of this may be, besides other substantial proof to the effect that he had stolen the shoes, there appears in the record two extrajudicial confessions by defendant to the same effect, which were entirely voluntary. It appears he confessed the theft to the superintendent of the factory of Friedman Brothers Shoe Company and also to the police officer who had him in charge, without being induced by either fear, the flattery of hope, or the promise of immunity. Of course, we do not mean to intimate the admission of these extrajudicial confessions voluntarily made would in any manner tend to relieve the error in admitting the involuntary judicial confession if such were done at the instance of the State. But such voluntary confessions tend, with great force, to substantiate the larceny charged, as the law presumes such confessions voluntarily made against one's own interests to be true.

The case was carefully tried. We find no error in the record and the judgment should be affirmed. It is so ordered. All concur.