————o————

STATE OF MISSOURI, Respondent, vs. JOHN C. HEED, Appellant.

1. *Practice, criminal—Instruction—Reasonable doubt, etc.*—It is error to instruct a jury to acquit in case of a "reasonable doubt," without adding an explanation of the phrase, such as *e. g.* that such doubt ought to be a substantial doubt touching the prisoner's guilt, and not a mere possibility of his innocence. (State vs. Nueslein, 25 Mo., 111.)

2. *Perjury—Evidence, what necessary in addition to accusing witness.*—To convict of perjury the oath of the opposing witness must be corroborated by material and independent testimony. And an instruction, ignoring this point, and directing a conviction in case the jury are satisfied, etc., of guilt, is manifest error; but it is also error to instruct that such additional evidence must be tantamount to another witness.

*Appeal from Mercer Circuit Court.*

*J. H. Perryman & J. H. Shanklin.* for Appellant: cited in argument, 2 Bish. Cr. Pr., 866, *et seq.*

*James P. Thomas*, for Respondent: cited in argument, Comm. vs. Warden, 11 Metc., 406.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted in the Mercer County Circuit Court for perjury, and convicted of that crime.

The material charge in the indictment was, that on a trial before a justice of the peace, wherein the defendant was plaintiff, and one Willis Campbell was defendant, the plaintiff swore that on a certain occasion Campbell drove through his enclosed field. The only direct testimony to the falsity of the defendant's oath was given by Campbell; but there was some other testimony which had a tendency to corroborate or sustain him. Defendant also introduced other witnesses, who in a certain degree, supported the truth of his evidence before the justice.

We have no intention of commenting upon the evidence, as had the jury found either way there would have been testimony on which they might have found their verdict.

The only question necessary to notice is presented by the declarations of law given by the court.

The first instruction given for the State was to the effect, that if the jury believed beyond a reasonable doubt, that the defendant in the suit before the justice of the peace, willfully, corruptly and falsely testified that Campbell drove his wagon and team through defendant's enclosed field, they should find him guilty.

The second instruction for the prosecution was, that the jury could not acquit from a mere possible doubt; but that it should be a reasonable doubt.

The first instruction given for the defendant told the jury, that the evidence of the defendant in the suit before the justice of the peace, was presumed to be true, and that that presumption must be removed by the evidence of two witnesses, or the evidence of one witness with such other corroborating circumstances as were necessary to overcome the presumption and establish his guilt.

The fourth instruction which was asked by the defendant, and refused by the court, asserted the proposition that before

the jury could convict, it was necessary to establish the falsity of the oath taken by him by the evidence of two witnesses, or by the evidence of one witness with such other corroborating circumstances, as would be equal to a second witness.

The above are the only instructions requiring any note ; as the correctness of the ruling on the others cannot be disputed.

The instruction in reference to a reasonable doubt is faulty and subject to criticism. It should have been followed by a more precise and accurate explanation of the terms, so as to have prevented misapprehensions as was done in the case of The State vs. Nueslein (25 Mo., 111) and which has been universally followed since that time.

The fourth instruction asked by the defendant stated the law too broadly, and was properly refused. Says Greenleaf, "In proof of the crime of perjury also it was formerly held that two witnesses were necessary, because otherwise there would be nothing more than the oath of one man against another, upon which the jury could not safely convict." But this strictness has long since been relaxed ; the true principle of the law being merely this, that the evidence must be something more than sufficient to counter-balance the oath of the prisoner and the legal presumption of his innocence. The oath of the opposing witness therefore, will not avail, unless it be corroborated by other independent circumstances. But it is not precisely accurate to say that these additional circumstances must be tantamount to another witness. The same effect being given to the oath of the prisoner as though it were the oath of a credible witness, the scale of evidence is exactly balanced, and the equilibrium must be destroyed by material and independent circumstances, before the party can be convicted. The additional evidence need not be such as standing by itself, would justify a conviction in a case where the testimony of a single witness would suffice for that purpose ; but it must be- at least strongly corroborative of the testimony of the accusing witness ; or in the quaint, but energetic, language of Parker, C. J. "a strong and clear evidence, and more numerous than

the evidence given for the defendant" (1 Greenl. Ev., § 257) The instruction was an attempt to apply the ancient rule which has been modified and relaxed, and no longer prevails in any of the courts.

The first instruction which was given for the defendant, whilst mainly stating the law correctly was not as clear and explicit as it should have been. It is true, as it was given for the defendant he cannot complain; but in cases of this kind we examine the whole record to see whether justice has been done, and it will therefore become necessary to examine it in connection with the first instruction given at the instance of the State. That instruction made no allusion to the character of the crime, nor to the peculiar amount of evidence required. It was such an instruction as would have been given in an ordinary case, and made it only necessary for the jury to be satisfied by the evidence of the defendant's guilt. The instruction was clearly and wholly bad and should not have been given. It was to some extent cured by the defendant's instruction, but not entirely so. There was an inconsistency as to the amount of proof required; and we cannot tell what effect it had upon the jurors. When we consider that the bad instruction was given for the State and that the State had the closing of the case, we can readily see how the defendant could have been injured.

It cannot be said in this case that the instructions, even taken together, fairly presented the law.

¶ I think therefore that the judgment should be reversed and the cause remanded; all the judges concur, except judge Sherwood who is absent.