The State v. Blize.

THE STATE v. BLIZE, *Appellant.*

Division Two, September 20, 1892.

1. **Criminal Law**: PERJURY: CORROBORATING EVIDENCE. Where an indictment charges defendant with perjury committed on the trial of another, proof that defendant at the latter's preliminary examination gave testimony contradictory of that given by him on the trial is sufficient corroboration of the alleged perjury.

2. ———: ———: EVIDENCE. Where a witness testifies on a trial for seduction, that he knew complainant's reputation for virtue and chastity to be bad, and that he had intercourse with her before the alleged seduction, such evidence is material, and, if false, the witness is guilty of perjury.

3. ———: ———: ———. Evidence that defendant stated prior to his alleged false testimony that he knew nothing against the girl, except that she was a little fast, was not admissible to prove that defendant falsely testified that her general reputation was bad.

The State v. Blize.

4. **Criminal Practice:** PERJURY: PREJUDICIAL ERROR. Where an indictment contains two assignments of perjury, and only one is proved, a general verdict of conviction will not be sustained.

*Appeal from Miller Circuit Court.* — HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*W. S. Pope* for appellant.

(1) The court erred in admission of evidence in behalf of the state. The evidence that defendant had on the preliminary examination of Knatzer made a different statement from that made on the latter's trial was not sufficient corroboration to convict. *Schulter v. Ins. Co.*, 62 Mo. 239; 2 Wharton's Criminal Law [9 Ed.] sec. 1317; 2 Bishop on Criminal Law [7 Ed.] secs. 931, 1045. (2) Where one is charged with swearing falsely as to character, the strictest rules as to the introduction of evidence must be observed. 2 Wharton on Criminal Law, sec. 1283; *State v. Frisby*, 90 Mo. 530. (3) The evidence does not sustain the charges of perjury in the indictment. 2 Wharton on Criminal Law [9 Ed.] sec. 1305; 61 Cal. 536; 20 Iowa, 586. (3) The court committed material error in giving and refusing instructions. (4) The indictment is insufficient, and the motion in arrest should have been sustained. *State v. Day*, 100 Mo. 242. The indictment is bad for the reason that it avers that the material question was as to the character of Ruah L. Smith at and prior to May 10, 1886, and the averment is that the testimony was as to her character before May, 1886. *State v. Hamilton*, 65 Mo. 667. Dates must be correctly stated. It is bad for the reason that it does not pretend to set out the language used by defendant in his testimony, said to be false. Only the inference from the language used

by him is stated. *State v. Keel*, 54 Mo. 182; *State v. Holden*, 48 Mo. 93; *State v. Bailey*, 34 Mo. 350.

*John M. Wood*, Attorney General, for the State.

MACFARLANE, J.—Defendant was convicted of perjury, and from the sentence appeals to this court. He was accused under the indictment, in substance, with swearing falsely in the trial of one James B. Knatzer under an indictment in which he was charged with having seduced, under promise of marriage, one Ruah L. Smith who was an unmarried female of good repute and under twenty-one years of age.

The indictment further charged, in substance, that defendant, at said trial, appeared as a witness in behalf of said Knatzer, and being duly sworn by the clerk of the court, and "being so sworn as aforesaid, wickedly contriving and intending to cause the said James R. Knatzer unjustly to be acquitted of said felony, did then and there feloniously, knowingly, falsely, corruptly, wilfully and wickedly say, depose and give in evidence to the jurors of the jury then and there duly taken and sworn between the state and the said James R. Knatzer, before the said Honorable E. L. EDWARDS, judge of said court, that the said John Blize knew the general reputation of the said Ruah L. Smith, in the community and among her associates, for virtue and chastity before May, 1886, and that the same was bad, and that said John Blize did then and there feloniously, knowingly, falsely, corruptly and wickedly say, depose and give in evidence to said jurors on said trial before said court that he, the said John Blize, had had sexual connection and intercourse with her, the said Ruah L. Smith, before May, 1886, whereas in truth and in fact the said John Blize did not know the general reputation of the said Ruah L. Smith, before May, 1886, for

virtue and chastity to be bad, and whereas in truth and in fact the said John Blize did not and had not before May, 1886, or at any other time, had sexual connection and intercourse with the said Ruah L. Smith, as by him so sworn and testified to in said court.''

Defendant did not deny, indeed he admitted when examined as a witness, that he did testify on the trial of Knatzer that he knew the reputation of the complaining witness, Ruah L. Smith, for virtue and chastity, prior to the alleged seduction, and that it was bad; and that he himself had, previous thereto, had sexual intercourse with her.

The issue then upon the trial was whether the testimony, so given, was false as charged. Ruah L. Smith testified that defendant never had intercourse with her, and defendant testified that he had, and that his evidence in the Knatzer trial was true. To corroborate the testimony of Ruah L. Smith, several witnesses were called who testified that defendant was a witness before a justice of the peace in the preliminary examination of the said Knatzer for the alleged seduction, and then testified that he had never had sexual intercourse with her. Defendant denied that he so testified on the preliminary examination, and a number of witnesses who were present testified that they heard no such testimony. Witnesses were also called to prove that, on such preliminary examination, defendant also testified that he knew the reputation of the said Ruah, for virtue and chastity, and that it was good. An examination of the evidence on this point satisfies us that the testimony of these witnesses went no further than to tend to prove that defendant swore on preliminary examination that the said Ruah, prior to her alleged seduction, was "a little fast," and that he knew nothing against her. None of them go so far as to say that he testified that he knew her reputation was bad.

The court gave the following with other instructions: "3. If the jury believe and are satisfied beyond a reasonable doubt that the defendant, in the trial of the cause of the state against James R. Knatzer, wilfully, corruptly and falsely testified that he knew the general reputation of Ruah L. Smith for virtue and chastity in the community and among her associates, before May, 1886, and that the same was bad, and that he, the said John Blize, defendant, had had sexual intercourse with her, the said Ruah L. Smith, before May, 1886, then the jury will find the defendant guilty, as charged in the indictment, and assess his punishment at imprisonment in the penitentiary for a period of not less than seven years.

"4.   To authorize the jury to find the defendant guilty, you must believe and find from the evidence that the falsity of the statements, upon which, by the indictments, under the instructions, the charge against him is based, has been established to your satisfaction, either by the testimony of more than one credible witness, or that one of such witnesses, corroborated by other evidence in the cause, which convinces your minds of the truth of the testimony of such single witness to the fact, and of the falsity of the statement; and you must further find from the evidence the existence of all the other elements of the offense and of the facts necessary to authorize his conviction, as hereinbefore set forth and as charged in the indictment. And the jury are further instructed that the question as to the general reputation of the said Ruah L. Smith for virtue and chastity, and that as to whether she had or had not, prior to the alleged seduction, had sexual connection or intercourse with the said John Blize, or any other man, were material questions on the trial of the said James R. Knatzer for her seduction, as to whether she was a female of good repute; and if said defendant,

John Blize, wilfully, corruptly and knowingly swore falsely as to such reputation, as charged in the indictment, then it is your duty to find the defendant guilty of perjury, as he stands charged."

Defendant requested, and the court refused to give, the following instruction: "3. The court instructs the jury that it devolves upon the state to prove the defendant guilty by at least two credible witnesses, or in addition to one credible witness such a state of circumstances as, taken together, would be equal to the testimony of two credible persons."

I. It is insisted by defendant as ground for the reversal of the judgment, that the evidence of the prosecuting witness that defendant had never had sexual intercourse with her was not sufficiently corroborated to sustain the conviction. The only corroborating evidence offered on the trial was that defendant, in his evidence before the committing magistrate, had testified that he had never had intercourse with her, and evidence that defendant had previously stated that he knew nothing against her.

The rule that the testimony of two witnesses is required to convict one of perjury is not generally followed by the courts of this day, and has been expressly repudiated by this court. *State v. Heed*, 57 Mo. 253. A conviction will not be sustained upon the evidence of a single uncorroborated witness, but it is now held in this state, and generally in the courts of other states, that any facts or circumstances which are strongly corroborative of the accusing witness will be sufficient. *State v. Heed, supra;* 1 Greenleaf on Evidence, sec. 257.

It is said that when the "defendant has made two distinct statements under oath, one directly the reverse of the other, it is not enough to produce the one in evidence to prove the other to be false." 2 Wharton on

Criminal Law, sec. 1317.    Defendant invokes this declaration to sustain his position.    We think it manifest that the learned author intended to apply this rule only to cases in which there was no other evidence than the contradictory statements, and not to cases like this one in which such statements are offered merely in corroboration of the evidence of a witness who testifies to the falsity of one of the statements.    Another distinguished writer in speaking of the subject says:    ''Where a statement by the prisoner himself is given in evidence contradicting the matter sworn to by him, it has been held not to be necessary to call two witnesses to prove the falsity; one witness with proof of the admission being sufficient.    Roscoe on Criminal Evidence, 1072.

Of two contradictory statements one must be false. Taking them together and without other evidence, no presumption arises that either of them was corruptly made (*Schulter v. Ins. Co.*, 62 Mo. 239), but we think a statement of the accused under oath, directly contradicting the evidence with which he is accused of falsely giving, very strongly corroborative of the evidence of a witness who testifies to its falsity, and amply sufficient to sustain a conviction.

II.    It is insisted that, on the trial of Knatzer for the seduction of Ruah L. Smith, the inquiry whether the said Knatzer had, previous to the alleged seduction, had sexual intercourse with her was not material to the issue on trial, and, therefore, though the evidence given by defendant in this particular was false, that fact would not sustain a charge of perjury.

Upon a charge of seduction under promise of marriage, the fact that the female was of good repute is material, and must be both charged in the indictment and proved upon the trial.    *State v. McCaskey*, 104 Mo. 644; *State v. Eckler*, 106 Mo. 593.

It is settled also by the more recent adjudication of this court that specific acts of sexual intercourse with others, previous to the alleged seduction, are admissible to rebut the evidence of good repute offered by the prosecution. *State v. Patterson*, 88 Mo. 88; *State v. Wheeler*, 94 Mo. 252.

It follows that the evidence given by defendant that he had, previous to the alleged seduction, had sexual intercourse with the said Ruah L. Smith was material to the issue on trial, and if false he was guilty of perjury.

III. In the case of *State v. Frisby*, 90 Mo. 533, the rule was approved that in prosecutions for perjury "it is necessary for the prosecution to prove in substance the whole of what has been set out in the indictment as having been sworn to by the defendant, and that it must be either literally or substantially as set out, and that any variance in substance between the indictment and evidence in this respect will be fatal." Defendant is accused of testifying on the trial of Knatzer that he knew the general reputation of Ruah L. Smith for virtue and chastity prior to May, 1886, and that it was bad. Under the foregoing rule it is very clear that this charge would not be sustained by proof of specific acts of misconduct with other men.

Evidence bearing on the question of general reputation is somewhat of the nature of opinion evidence, which, if honestly expressed, though on insufficient information, is not perjury. 2 Wharton on Criminal Law, sec. 1283.

There is no doubt that if a witness swear falsely and corruptly to his opinion, as to the reputation of another, he will commit perjury, yet it is difficult to know whether or not the evidence was honestly given, and we think the whole charge of the indictment in this particular should have been proved as laid. The

attempt was made to prove the falsity of the testimony of defendant bearing on reputation by showing by the testimony of witnesses that the reputation of the girl was in fact good, and that defendant had himself so testified in the preliminary examination of Knatzer before the justice of the peace. As has been seen, evidence of contradictory statements is admissible in corroboration; but it is insisted that the former testimony of defendant before the committing magistrate, as proved on the trial, did not contradict the alleged false testimony subsequently given, and of which he was charged in the indictment. A number of witnesses were asked, on the trial, what the testimony of defendant, at the preliminary examination of Knatzer, had been as to the general reputation of the prosecutrix for virtue and chastity. These witnesses testified in substance that in answer to the inquiry defendant had stated that he knew nothing against her except that she was a little fast.

It is an elementary principle of the law of evidence that general reputation cannot be shown by proof of specific acts from which a reputation may have been established, or by what a witness may himself personally know of the character of the person about whose reputation inquiry is made. Under this rule, such evidence as that given would not have been admissible for the purpose of proving general reputation in order to discredit a witness, much less would it be admissible as an admission for the purpose of convicting of perjury one charged with falsely swearing that the general reputation for virtue and chastity was bad.

The evidence that the defendant had stated, prior to his alleged false testimony, that he knew nothing against the girl, was admissible as tending to prove the falsity of the evidence of the defendant that he had previously had sexual intercourse with her, but it was not

admissible to prove that defendant had falsely testified as to her general reputation. The answers of the witnesses were given to the inquiry concerning her reputation, and with the instruction, numbered 4, was well calculated to mislead the jury as to what evidence would be required to convict defendant of swearing falsely to the reputation of complaining witness. We can very well see that the admission of this evidence, without properly limiting it by instructions, may have been prejudicial to defendant.

Where several distinct assignments of perjury are laid, the indictment will be sustained if any one of these be proved, if that by itself be sufficient to constitute the offense. Wharton on Criminal Evidence, sec. 131.

This indictment contained two assignments, that defendant had falsely sworn that he himself had had sexual intercourse with prosecutrix, and that he knew her reputation for virtue and chastity, and it was bad. The latter assignment might have been altogether withdrawn from the jury, and a conviction sustained on the former. As the case was submitted, we are unable to say upon which charge the verdict was rendered, and a new trial should have been granted. Judgment reversed and cause remanded. All concur.