## THE STATE v. JEFF RHOTEN, Appellant.

### Division Two, June 23, 1914.

PERJURY: Corroboration. Corroborative evidence against the accused on a prosecution for perjury means evidence *aliunde* which tends to show the perjury independent of any declaration or admission of the prisoner and the person to be corroborated.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*G. W. Thornberry* for appellant.

*John T. Barker,* Attorney-General, and *Thomas J Higgs,* Assistant Attorney-General, for the State.

ROY, C.—The defendant, on a conviction of perjury, was sentenced to two years in the penitentiary and has appealed.

It is charged that the offense was committed on the trial of one Jump for violation of the Local Option Law. The specification of the testimony of this defendant on that trial which is alleged to have been false is as follows: "That he, the said Jeff Rhoten, did not buy intoxicating liquors from the said W. R. Jump in Ozark county at any time within a year before the 23d day of February, 1912, and that he the said Jeff Rhoten while in company with Ode Long did not get whiskey at the said mill of the said W. R. Jump at any time within one year before the 23d day of February, 1912, and that he the said Jeff Rhoten did not offer the said whiskey so received at the said mill belonging to said W. R. Jump to the said Ode Long."

On the trial it was proved by the testimony of the stenographer that defendant testified as charged on the trial of Jump.

Ode Long, for the State, testified that in January, 1912, he and defendant were passing near the mill of said Jump, and then testified as follows: "He says to me, 'Ode, can you buy whiskey down here?' and I says, 'No, they won't sell me whiskey,' and he says: 'By God, I can get her,' and he says, 'You get off and go around on the old picnic ground'—this is a field of Mr. Polk Hall's and one road passes the mill this way (indicating), and he says: 'You go down on the old picnic ground and wait for me,' and I went around where the fence makes the last crook to turn toward the mill and I seen him ride up to the mill and get down and went in and was gone some four or five or ten minutes and he came out and got on the horse and made straight to me and when he got up to me he pulled out a pint bottle of whiskey and said something about it being good, and that he paid a dollar for it."

He further testified that defendant did not say whether he got the whiskey from Jump.

Jump, on behalf of defendant, testified that he did not sell any whiskey to the defendant.

On cross-examination the following occurred:

"Q. I will ask you if it isn't a fact you did sell whiskey there and also kept it there in a room, in the mill, prior to that date? A. Yes, sir."

At the close of the evidence the defendant asked an instruction to acquit him.

The Cyclopedia of Law and Procedure, vol. 30, p. 1455, says, "Corroborative evidence against the accused on a prosecution for perjury means evidence *aliunde* which tends to show the perjury independent of any declaration or admission of the prisoner and the person to be corroborated." In State v. Hunter, 181 Mo. l. c. 335, it was said: "The additional evidence need not be such as, standing by itself, would justify a conviction in a case where the testimony of a single witness would suffice for that purpose, but it must be at least strongly corroborative of the testimony of the accusing witness."

The information did not charge defendant with having falsely testified that Jump did not keep and sell whiskey. Jump expressly testified that he did not sell any to the defendant. Leaving the testimony of Ode Long out of consideration, the evidence of Jump would not have the slightest tendency to prove that Jump sold the liquor to defendant, but is directly to the contrary.

The judgment is reversed and the defendant discharged. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.