THE STATE v. ARTHUR HARDIMAN, Appellant.

Division Two, March 4, 1919.

1. **PERJURY: Material and Immaterial Matter.** Under the statute false testimony as to immaterial matter is not perjury. But where the testimony alleged to be false is material to any proper matter of inquiry and is uttered with knowledge of its falsity it is perjury, although it may not tend directly to prove the issue.

2. ———: **Sufficient Evidence: Corroboration.** To sustain the charge of perjury there must be some substantial evidence in addition to the testimony of a single witness. But the corroborative evidence need not necessarily be the testimony of another witness; it may consist of circumstances sufficiently strong to be tantamount to the testimony of another witness.

3. ———: ———: ———: **Admission.** Corroborative evidence against an accused on a prosecution for perjury means evidence *aliunde* which tends to show the perjury independent of any declaration or admission of the accused and the person to be corroborated. An admission made by the accused and testified to by the person to whom made is not corroboration.

4. ———: **Instruction: Broader Than Charge.** Where the charge is that the accused falsely swore that another did not place a bottle in a buggy occupied by the accused and receive something in return from the accused, an instruction which, in addition, tells the jury that they may find the accused guilty of perjury if they believe he testified that he did not at the time receive any whiskey from such other person, is erroneous, in being broader than the charge.

Appeal from Moniteau Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*Roy L. Kay* and *N. C. Hickcox* for appellant.

(1) Corroborative evidence against the accused on a prosecution for perjury means evidence *aliunde* which tends to show the perjury independent of any declaration or admission of the prisoner and the person to be corroborated. State v. Rohten, 259 Mo. 424. (2) The instructions given by this court are erroneous upon authority of the case of State v. Thornton, 245 Mo. 436. The instructions do not follow the charge alleged in the information. There is no charge in the information accusing defendant of swearing that he did not buy whiskey or intoxicating liquors and instruction number 7 requires the jury to find that he did swear that he did not buy whiskey and that such statement was false.

*Frank W. McAllister,* Attorney-General, and *Henry B. Hunt,* Assistant Attorney-General for respondent.

(1) Instructions similar to instructions Nos. 6 and 7 given for the State in this cause, have been passed upon by this court. State v. Hunter, 181 Mo. 337; State v. Thornton, 245 Mo. 443; State v. Heed, 57 Mo. 253. (2) As to the sufficiency of the evidence in this cause, on the question of corroboration of the principal witness, we refer the court to the following cases: State v. Heed, 57 Mo. 254; State v. Faulkner, 175 Mo. 254; State v. Hunter, 181 Mo. 334; State v. Thornton, 245 Mo. 444; State v. Rohten, 259 Mo. 424.

WALKER, J.—Appellant was charged by information in the circuit court of Moniteau County with perjury, committed while testifying as a witness in said court. Upon a trial, he was convicted and sentenced to

two years' imprisonment in the penitentiary, from which judgment he appeals.

At a trial, in said court, in January, 1918, of one Schenewerk for the unlawful sale of intoxicating liquors, the appellant is charged with having, in the language of the information, testified: "That he, the said Arthur Hardiman, did not see the said Frank Schenewerk put a bottle in the buggy of the said Arthur Hardiman, at California, Missouri, on or about the 24th day of May, 1917, and that he, the said Arthur Hardiman, said that this was the first time he had ever seen the said Frank Schenewerk and that he, said Arthur Hardiman, had not seen the said Frank Schenewerk since said 24th day of June, 1917, until the day of said trial, January 15, 1918, and that he, the said Arthur Hardiman, had not talked to anyone about the case or issue being tried on the said 15th day of January, 1918, or the matter in issue to be tried, and that he, the said Arthur Hardiman did not give or hand any money on the said 24th day of May, 1917, to said Frank Schenewerk, and that said Frank Schenewerk did not receive any money from him, the said Arthur Hardiman, at said time and place, and that statement so made by him, the said Arthur Hardiman, was made in reference to the time he, the said Arthur Hardiman, saw and talked with said Frank Schenewerk while he, the said Arthur Hardiman, was in his buggy near Gattermeier, mill in California, Missouri; whereas, in truth and fact, the said Arthur Hardiman, saw the said Frank Schenewerk put a bottle in the buggy of the said Arthur Hardiman, was in his buggy near Gattermeier's 1917, near Gattermeier's mill in California, Missouri, at the time mentioned, and said Arthur Hardiman did give and hand to said Frank Schenewerk money on said occasion, about the 24th day of May, 1917, at California, Moniteau County, Missouri, near said Gattermeier's mill."

The evidence against the appellant is that of one Allen, City Marshal of California, Mo. It is as follows:

"I know the defendant, Arthur Hardiman. I live in California, Missouri, and am the City Marshal, and have been since April, 1917. I was investigating liquor violations going on here about May 24, 1917. I watched some of them—what I could.. I saw the defendant about the 24th of May, 1917. I saw at one time what I took to be a delivery to him of a half pint of whiskey. I was in Gattermeier's mill, and I noticed the defendant, Arthur Hardiman, at the hitch rack. I waited at the north door of the mill, and I noticed the defendant untie his team and get into his buggy, and sit there without driving away, and it just called my attention to it; I just watched him there, and directly Frank Schenewerk came and it appeared to me that he drew a half pint bottle from his right hip pocket and put it in the front of the buggy, and took something from this fellow's hand in return. That was from Hardiman's hand. There was nothing said by either. That is about all I saw. I was not present at the time of his arrest." Cross and redirect examinations elicited nothing of further relevancy, save an express statement by the witness that it was a bottle that was passed by Schenewerk to appellant's buggy. That the latter thereupon handed something to Schenewerk. On final cross-examination, Allen said: "I do not tell the jury it was whiskey; I do not tell them that any money was passed; I do not tell them that I saw a sale of liquor at the time." No testimony corroborative of this witness was offered by the State.

The testimony of the appellant was as follows: "I am the defendant in this case; I was present in the court last January and testified in the hearing of the case of State v. Schenewerk, for and on behalf of the State; I testified that I did not know Frank Schenewerk by name until the day of the trial; I saw him once before the day of the trial, sometime in May. He came up to me at the hitch rack right across from Dr. Burke's. I testified in that case that he did not put anything in my buggy, and that testimony was true.

He did not put anything in my buggy that I saw. I testified in that case that I did not hand him anything." This testimony is corroborated by that of Frank Schenewerk.

A statement of the general rule applicable to cases of this character is not inappropriate in this connection. Under Section 4344, Revised Statutes 1909, upon which this prosecution is based, false testimony as to immaterial matter is not perjury. Where, however, the testimony alleged to be false is material to any proper matter of inquiry in the case, and is uttered by the witness with knowledge of its falsity, it is perjury, although it may not tend directly to prove the issue. [State v. Moran, 216 Mo. 550; State v. Ackerman, 214 Mo. l. c. 332.] Of this character is the testimony alleged to have been falsely given by the appellant.

The materiality of the alleged false testimony being determined, we are confronted with the question as to the quantum of evidence necessary to a conviction. It is fundamental that to sustain a charge of perjury, it is necessary that there should be some substantial evidence, in addition to the testimony of a single witness. This for the very apparent reason that if the defendant swears to one thing and the witness to the opposite, there is simply one oath against the other, and the jury would, in consequence, not be warranted in saying that the testimony of the one is false rather than that of the other, without some other proof tending to show which is true and which is false. [State v. Thornton, 245 Mo. 436; State v. Faulkner, 175 Mo. 546.] It does not necessarily follow, however, that the corroborative testimony must be that of another witness. It may consist of circumstances sufficiently strong to be tantamount to that of another witness's testimony. [State v. Heed, 57 Mo. 252; State v. Hunter, 181 Mo. 316; State v. Blize, 111 Mo. 464.] As further illuminative of what constitutes corroborative evidence in a case of this character, we have recently held, in State v. Rohten, 259 Mo. 424, in harmony with the well es-

tablished doctrine elsewhere, "that corroborative evidence against the accused on a prosecution for perjury means evidence *aliunde,* which tends to show the perjury independent of any declaration or admission of the prisoner and the person to be corroborated." This rule was earlier announced by this court in State v. Hunter, 181 Mo. l. c. 337, and State v. Thornton, 245 Mo. l. c. 444. A careful review of this record fails to disclose any evidence of a corroborative nature con- forming to the requirements we have stated. The nearest approach to any testimony of this character was that of a witness named Burford, the Sheriff of Moniteau County, who testified on behalf of the State, that while he had the appellant in charge before his trial, he said to the latter a number of times: " ' It looks to me like you ought not to be here. Now, inasmuch as you are, the best thing you can do, if you know you are guilty, is to plead and get the easiest terms.' He answered that 'no one saw it,' evidently referring to the offense charged against him, or 'that nobody saw it.' He repeated this whenever I went over the matter with him." Whatever construction may be placed upon the meaning of this alleged declaration, it must be classified as an admission, and hence without probative force in a case of this character.

Instruction numbered 5, given by the court, does not conform to the allegations of the information. The latter limits the alleged false testimony to a denial of the fact that Schenewerk placed a bottle in appellant's buggy, and that the latter handed him anything; the instruction, in addition, tells the jury that they may find the defendant guilty if they believe from the evidence that he testified that he did not at the time buy any whiskey from Schenewerk. The instruction was erroneous in being broader than the charge. [State v. Smith, 119 Mo. l. c. 447.]

For the errors noted, the judgment of the trial court is reversed and the cause remanded. All concur.