THE STATE v. JOHN W. CARTER, Appellant.

Division Two, June 25, 1926.

1. **PERJURY: False Statements: Corroboration.** A conviction of perjury
cannot be had upon proof alone that accused made false statements. If the
accused wilfully testified falsely concerning the acts and admissions of a
defendant in a criminal trial which were material in that case, he was
guilty of perjury; but it is not sufficient to prove only that the accused
made statements concerning such acts and admissions contradictory to his
testimony when sworn and examined as a witness in that case; to sustain
a conviction of perjury it is necessary to produce corroborative evidence
tending to show that the defendant in that case actually made the admis-
sions credited to him in the extra-judicial statements of the accused, and
really did the acts which the accused had previously said he had admitted
he had done, and that the accused knowingly and wilfully testified falsely
in respect to the occurrence of the acts and the making of the admissions
by said defendant.

2. ———: ———: ———: **Corpus Delicti.** Even if an accused, being tried
for perjury, has made two distinct statements under oath, it is not enough
to produce the one in evidence to prove the other to be false. No matter
by how many witnesses the different and conflicting statements may be
proved, that is not corroborative proof of the **corpus delicti.** Evidence to
corroborate the falsity of the testimony charged to be perjury must be
produced, and corroboration is **aliunde** evidence tending to show the perjury
independently of the prior declarations and statements of the accused.

---

Corpus Juris-Cyc. References: **Perjury,** 30 Cyc., p. 1453, n. 95; p. 1455,
n. 6.

Appeal from Daviess Circuit Court.—Hon. Arch B. Davis, Judge.
REVERSED.

*John H. Taylor, L. W. Reed* and *Thos. H. Hicklin* for appellant.

The demurrer to the evidence should have been sustained. The cause should not have been submitted to the jury. A conviction upon proof of contradictory statements, made by defendant, he not being under oath, prior to the time of the alleged perjury, cannot stand, there being no other evidence to establish the truth or falsity of defendant's testimony. State v. Hunter, 181 Mo. 338. Or even where the contradictory statements were made under oath. State v. Williams, 30 Mo. 368. To show that this is not only the law of Missouri, but is the law of practically every other jurisdiction we refer the court to the exhaustive note beginning at page 58 of L. R. A. 1917 C.

*North T. Gentry,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

The court properly refused appellant's demurrer offered at the close of all the evidence, as there was ample evidence of his guilt. State v. Hascall, 226 S. W. 21; State v. McKenzie, 177 Mo. 717; State v. Hunter, 181 Mo. 334; State v. Hardiman, 277 Mo. 231.

BLAIR, J.—Appellant was convicted of perjury. From his sentence of imprisonment for a term of two years in the penitentiary, an appeal was granted to this court.

Only a brief statement of facts is necessary. One Jess Rader was put upon his trial in the Daviess County Circuit Court for the crimes of burglary and larceny. Appellant was sworn and examined as a witness on behalf of the State at that trial. The evidence only tends to show that, prior to the time of the Rader trial, appellant had made written and oral statements concerning the occurrence of acts and the making of statements by Rader strongly pointing to Rader's guilt of the crime for which he was then on trial. We do not deem it necessary to an understanding of the questions to be here decided to go into particulars concerning the nature of such statements.

When appellant was examined as a witness in the Rader case, he suffered a severe lapse of memory as to all acts and statements of Rader which would have constituted damaging evidence of Rader's guilt. The fact that appellant made the statements in question to the prosecuting attorney and others prior to the Rader trial was conclusively established. Appellant offered no testimony in his own

behalf and stood upon his demurrer to the evidence offered by the State.

As suggested by the foregoing brief sketch of the facts, the main question presented here is the sufficiency of the evidence to support the verdict returned by the jury against the appellant. The facts which were material in the trial of Rader, so far as appellant's testimony was concerned, were the acts and admissions of Rader and not what appellant had stated that such acts and admissions were. If appellant willfully testified falsely concerning those acts and admissions, he was guilty of perjury, because such acts and admissions were material in Rader's trial. To convict appellant of perjury as a witness upon the Rader trial, it was necesary to offer corroborative evidence in the case at bar tending to show that Rader actually made such statements to appellant and really did the acts referred to and that appellant knowingly and willfully testified falsely in respect to the occurrence of such acts and the making of such admissions. It was not sufficient to prove only that appellant made statements concerning such acts and admissions contradictory to his testimony when sworn and examined as a witness in respect thereto.

In State v. Hunter, 181 Mo. l. c. 337, it was said:

"What is meant by corroborative evidence is said to be *aliunde* evidence which tends to show the perjury independent of the prisoner's declarations or admissions. [State v. Buckley, 18 Ore. 228; Gabrielsky v. State, 13 Tex. App. 428; 2 Wharton's Criminal Law (10 Ed.) sec. 1319.] Schwartz v. Commonwealth, 27 Gratt. 1025, is a well considered case and announces the same doctrine.

"In Greenleaf on Evidence (16 Ed.) sec. 259, it is said: 'If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner, and nothing more, he cannot be convicted, for if one only was delivered under oath, it must be pre·sumed, from the solemnity of the sanction, that that declaration was the truth and the other an error or a falsehood; though the latter, being inconsistent with what he has sworn, may form important evidence, with other circumstances, against him.'

"Previous contradictory statements, made with or without oath, may be very important evidence, in connection with other circumstances against the accused; but, no matter by how many witnesses the different and conflicting statements may be proved, that is not corroborative proof of the *corpus delicti*. [Peterson v. State, 74 Ala. 34.]"

In State v. Williams, 30 Mo. 364, l. c. 367, it was said:

"In trials for perjury it is not proper to instruct the jury that the law presumes the declaration of a party against himself to be true, when the object of such an instruction is to make the declarations ev-

.idence of the falsity of the oath.  Such declarations are admissible, and their weight is to be determined by the jury.  But of themselves they are not sufficient to convict one of the crime of perjury.  Even when the defendant has made two distinct statements under oath, one directly the reverse of the other, it is not enough to produce the one in evidence to prove the other to be false.''

That such is now the well established rule in this State appears from an examination of the following recent cases:  State v. Thornton, 245 Mo. 436, l. c. 444; State v. Rhoten, 259 Mo. 424, l. c. 426; State v. Hardiman, 277 Mo. 229, l. c. 234.

The general rule throughout the United States is the same.  In a note appended to People v. McClintic, L. R. A. 1917C (Mich.) 52, at page 58, the cases are collated and the general rule is stated thus: ''While there are few early cases to the contrary, some of which are probably of doubtful authority, the rule is now well established that a conviction of perjury cannot be had upon proof alone that accused made contradictory statements.''

In supposed support of his contention as to the sufficiency of this character of evidence to authorize the verdict returned in this case, the learned Attorney-General cites the cases of State v. Hunter, supra, and State v. Hardiman, supra. which we have already cited as supporting the contrary rule, and the cases of State v. Hascall, 226. S. W. l. c. 21, 284 Mo. 607, and State v. McKenzie, 177 Mo. l. c. 717. The Hascall case was a prosecution for forgery.  We find nothing therein which bears upon the question we are considering here. The McKenzie case was a prosecution for murder, and the question here involved was not considered.

The evidence adduced was not sufficient to support the conviction of appellant.  It does not appear that there was a third person present who could testify to the acts and statements of Rader, concerning which appellant made statements in contradiction of his testimony when on the witness stand at the Rader trial, or that other legal corroborative proof of the alleged perjury might be obtained. Hence, no probability exists that the falsity of appellant's testimony could be shown upon another trial in the manner required by our decisions above cited and discussed.  No useful purpose could be served by remanding the case for retrial in the absence of a reasonable probability that other and further proof would be forthcoming.

The judgment is therefore reversed and appellant discharged. All concur.