**STATE of Missouri, Respondent,**

v.

**Lewis Lee BURGESS, Appellant.**

**No. 53955.**

Supreme Court of Missouri, En Banc.

Sept. 14, 1970.

John C. Danforth, Atty. Gen., Warren K. Morgens, Asst. Atty. Gen., Jefferson City, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce & Duncan, Kansas City, for appellant.

DONNELLY, Judge.

Appellant, Lewis Lee Burgess, was convicted of perjury (§ 557.010, RSMo 1959, V.A.M.S.) in the Circuit Court of Greene County, Missouri, and his punishment, under the provisions of the Habitual Criminal Act (§ 556.280, RSMo 1959, V.A.M.S.), was assessed at imprisonment for a term of three years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant asserts that the trial court erred "in failing to instruct the jury that in order to convict[,] the falsity of the alleged testimony must be established by either two witnesses or one witness corroborated by other independent circumstances or evidence." Appellant did not request such an instruction.

In Missouri the rule is well-established "that impeachment of the alleged false testimony of an accused in a perjury case must be made by at least two witnesses or one witness and strongly corroborating circumstances." State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 325; State v. McGee, 341 Mo. 151, 106 S.W.2d 480, 111 A.L.R. 821. This is frequently referred to as the "quantitative evidence rule." We decline to abandon it. See Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, 156 A.L.R. 496.

Section 546.070, RSMo 1959, V.A.M.S., reads, in part, as follows:

"* * * (4) Whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; and a failure to so instruct in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial; * * *." See also S.Ct. Rule 26.02(6), V.A.M.R.

In State v. Chaney, Mo.Sup., 349 S.W.2d 238, a majority of the Court, en Banc, agreed as to the propriety of the following statement from State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 317–318:

"Our statutes divide the instructions in a criminal case into two general classes. The first includes those which Sec. 4070(4) [§ 546.070(4)] mandatorily requires the court to give whether requested or not, 'upon all questions of law arising in the case which are necessary for their (the jury's) information in giving their verdict; which instructions shall include,

whenever necessary, the subjects of good character and reasonable doubt.' It is held these instructions must cover ' "all the essential elements of an offense embraced within the charge," ' or, as put another way, they must declare the law ' "applicable to every crime, or grade of crime, of which, under the evidence, the jury might convict the accused." ' Instructions not belonging in that class, such as instructions on evidence and procedure, are called 'collateral,' and fall in the second class. As to them, Sec. 4083 [§ 546.-380] provides 'the court *may* instruct the jury in writing on any point of law arising in the cause.' But the defendant must request or tender instructions of that class, save exceptions and preserve the point in his motion for new trial."

Therefore, the decisive issue presented is whether the "quantitative evidence rule" relates to an *essential* question or to a *collateral* question.

In State v. Hardiman, 277 Mo. 229, 209 S.W. 879, 880, this Court said:

"The materiality of the alleged false testimony being determined, we are confronted with the question as to the quantum of evidence necessary to a conviction. It is fundamental that to sustain a charge of perjury, it is necessary that there should be some substantial evidence, in addition to the testimony of a single witness. This for the very apparent reason that if the defendant swears to one thing and the witness to the opposite, there is simply one oath against the other, and the jury would in consequence not be warranted in saying that the testimony of the one is false rather than that of the other, without some other proof tending to show which is true and which is false. State v. Thornton, 245 Mo. 436, 150 S.W. 1048; State v. Faulkner, 175 Mo. 546, 75 S.W. 116. It does not necessarily follow, however, that the coroborative testimony must be that of another witness. It may consist of circumstances sufficiently strong to be tantamount to that of another witness' testimony. State v. Heed,

57 Mo. 252; State v. Hunter, 181 Mo. 316, 80 S.W. 955; State v. Blize, 111 Mo. 464, 20 S.W. 210."

In State v. Carter, 315 Mo. 215, 285 S.W. 971, 972, this Court said:

"The evidence adduced was not sufficient to support the conviction of appellant. It does not appear that there was a third person present who could testify to the acts and statements of Rader, concerning which appellant made statements in contradiction of his testimony when on the witness stand at the Rader trial, or that other legal corroborative proof of the alleged perjury might be obtained. Hence no probability exists that the falsity of appellant's testimony could be shown upon another trial in the manner required by our decisions above cited and discussed. No useful purpose could be served by remanding the case for retrial, in the absence of a reasonable probability that other and further proof would be forthcoming.

"The judgment is therefore reversed, and appellant discharged."

In State v. Kaempfer, 342 Mo. 1007, 119 S.W.2d 294, 295, this Court said:

"Appellant has filed no brief in this case so we will dispose of the points preserved for our review in the motion for a new trial. Appellant urged that the evidence was insufficient to sustain a conviction of perjury. He contends that the uncorroborated evidence of one witness is not sufficient in law to sustain a conviction of perjury. This we concede."

We believe the Brinkley, McGee, Hardiman, Carter, and Kaempfer cases, supra, stand for the proposition that the requirements of the "quantitative evidence rule" constitute an essential consideration in Missouri in determining *whether the evidence is sufficient in a perjury case to submit it to the jury.* This being true, we must conclude that the "quantitative evidence rule" relates to an

*essential* question and not to a *collateral* question.

We hold that, under § 546.070(4), supra, a defendant in a perjury case is entitled, even without request, to have the jury instructed as to the "quantitative evidence rule." The failure of the trial court to so instruct in this case constitutes prejudicial error. The case must be re-tried. The other issues raised by appellant need not be decided on this appeal.

The judgment is reversed and the cause remanded.

HENLEY, C. J., SEILER, MORGAN and HOLMAN, JJ., and HOGAN, Special Judge, concur.

FINCH, J., concurs in separate concurring opinion filed.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.

FINCH, Judge (concurring).

The "quantitative evidence rule" in perjury cases is a common law rule. 7 Wigmore on Evidence, 3d ed., § 2040. Wigmore criticizes the rule as being "in its nature now incongruous in our system," Wigmore, supra, § 2041, but it has been followed in a long line of Missouri cases, no doubt on the basis of § 1.010, RSMo 1969, V.A.M.S.

The General Assembly could change this requirement if it so desires, but it has not done so in defining perjury, § 557.010, RSMo 1969, V.A.M.S. That section makes no reference to the quantum of proof and does not indicate an intention to change the common law rule. Under such circumstances, I feel compelled to concur in the principal opinion.