STATE of Missouri, Plaintiff-Respondent,

v.

Vert Roscoe GIBSON,
Defendant-Appellant.

No. KCD 27870.

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Robert L. Wehrman, Shapiro, Pólsinelli, Schulte, Wehrman & Welte, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant, Vert Roscoe Gibson, was charged with having committed perjury in violation of Section 557.010 RSMo 1969. Gibson was tried before a jury, found guilty, and sentenced to seven years. On this appeal, defendant contends that the State failed to make a submissible case under the quantitative evidence rule applicable in prosecutions for perjury.

The perjury charge arises out of a conflict between the defendant's testimony at the trial of an alleged accomplice, one Graves, when Gibson testified that Graves was not involved in the commission of the initial crime of stealing over $50 from a Safeway super market. This testimony directly and specifically conflicted with the defendant Gibson's testimony under oath at his guilty plea proceedings to stealing over $50 from the Safeway store. In the course of those plea proceedings, Gibson clearly and unequivocally testified that Graves was in fact involved in the theft from the Safeway store and that they were acting in concert in committing that crime. At the perjury trial, the State offered the testimony of a security officer of the Safeway store. He testified that Gibson and Graves entered the Safeway store together and that the defendant then filled a basket with groceries, and Graves returned and attempted to assist him in getting the basket of groceries out of the store without paying for them. The testimony clearly indicated the collaboration of the defendant Gibson and Graves in attempting the theft. Graves was apprehended outside the store with the groceries transferred to him by Gibson, while Gibson was apprehended inside the store. The State also offered as a part of its case the sworn testimony of the defendant Gibson at his guilty plea.

Against this background, the defendant's contention is that the quantitative evidence role was not satisfied since the State produced only the security officer as a witness to contradict the testimony of Gibson at Graves' trial and that his testimony was not corroborated so there was insufficient evi-

dence under the rule peculiar to perjury prosecutions to make out a submissible case.

■ The quantitative evidence rule, peculiar to perjury prosecutions, is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony which is relied upon as furnishing the basis for perjury. The rule is established in the law of this State. *State v. Burgess,* 457 S.W.2d 680 (Mo. banc 1970); *State v. Cusumano,* 372 S.W.2d 860 (Mo.1963); *State v. Heed,* 57 Mo. 252 (1874); *State v. McGee,* 341 Mo. 151, 106 S.W.2d 480 (1937).

This rule is most clearly set forth in *State v. Heed,* 57 Mo. 252, 254 (1874):

" 'In proof of the crime of perjury also it was formerly held that two witnesses were necessary, because otherwise there would be nothing more than the oath of one man against another, upon which the jury could not safely convict.' But this strictness has long since been relaxed; the true principle of the law being merely this, that the evidence must be something more than sufficient to counter-balance the oath of the prisoner and the legal presumption of his innocence. The oath of the opposing witness therefore, will not avail, unless it be corroborated by other independent circumstances. But it is not precisely accurate to say that these additional circumstances must be tantamount to another witness. The same effect being given to the oath of the prisoner as though it were the oath of a credible witness, the scale of evidence is exactly balanced, and the equilibrium must be destroyed by material and independent circumstances, before the party can be convicted. The additional evidence need not be such as standing by itself, would justify a conviction in a case where the testimony of a single witness would suffice for that purpose; but it must be at least strongly corroborative of the testimony of the accusing witness; . . . "

■ The entire thrust of defendant's argument, that the quantum of evidence to sustain a conviction for perjury is not present, is based upon the contention that the defendant's under-oath testimony at his plea proceedings cannot be used as corroborating evidence of perjury. Defendant argues that when that testimony is excluded the State is left with the uncorroborated evidence of the security officer as against the allegedly false testimony of Gibson offered at Graves' trial. Making this contention, the defendant relies upon *State v. Hardiman,* 277 Mo. 229, 209 S.W. 879 (1919). There is language in *State v. Hardiman* which would seem to support the position contended for by the defendant in this case. The broad language of *Hardiman* suggesting that corroborating evidence means evidence independent of any declaration of the defendant and the person to be corroborated relies upon two other cases, *State v. Thornton,* 245 Mo. 436, 150 S.W. 1048 (1919), and *State v. Hunter,* 181 Mo. 316, 80 S.W. 955 (1904). Unfortunately for the defendant's argument, none of these cases, when carefully examined, support the position that a declaration of the defendant may not be corroborative of other testimony demonstrating perjury. A reading of *Hardiman* shows that the defendant's statement offered in corroboration was not corroborative in fact and an examination of *Thornton* and *Hunter* show that they do not support the language of *Hardiman* as the defendant construed it. In *Thornton* the court decided only that the statement of the defendant was inadmissible because it was involuntary and not because the defendant made it. So also in *Hunter,* the defendant charged with perjury committed on the trial of a claim for damages against a railroad company was convicted of perjury based upon a confession obtained upon a promise of immunity from prosecution. The court again held that the statement did not furnish corroboration because it was involuntary, but expressly disavowed any implication that a defendant's statement could not be used, saying 181 Mo. at page 336, 80 S.W. at page 960:

"We do not intend to be understood by what has been said, as holding that other admissions and statements made by defendant, tending to show that he committed perjury on the trial of his suit against

the railroad company, were inadmissible in evidence against him, if voluntarily made." [1]

An earlier case, *State v. Blize,* 111 Mo. 464, 20 S.W. 210 (1892), which reversed a conviction upon other grounds clearly set forth the rule concerning corroboration. In *Blize,* the defendant testified at trial that the prosecuting witness in a rape case had a bad reputation for virtue and chastity and that he had himself had sexual intercourse with her. In the perjury trial, the prosecutrix directly swore that the statement of the defendant with respect to intercourse was false and several witnesses testified that at a preliminary examination preceding the rape trial, the defendant had testified under oath that he had never had sexual intercourse with the prosecutrix. The court held that this was sufficient evidence to have submitted a charge to the jury concerning the falsity of the evidence given at the rape trial, but the court reversed on the ground that although there was evidence sufficient on that specific falsehood, it was insufficient on the other assignment concerning the falsity of the defendant's testimony as to the prosecutrix' reputation and that the judgment, therefore, would be reversed.

Thus, the situation in *Blize* is very much like the instant case. Defendant also cites *State v. Burgess,* 457 S.W.2d 680 (Mo. banc 1970) and *State v. Sloan,* 309 Mo. 498, 274 S.W. 734 (1925), but they do not support his position. In *Burgess,* the court was merely confronted with the question whether the trial court must instruct on the quantitative evidence rule, requested or not. The court held that the rule related to an essential question, not a collateral one, and an instruction on it must be given, whether such is requested or not. There was no discussion of whether defendant's statement in contradiction of his sworn statement could serve as corroborative evidence to satisfy the quantitative evidence rule.

In *Sloan,* the court simply held the statement offered as contradiction to be neither a confession nor an admission that the other statement was false. The statement offered constituted nothing more than a different explanation, consistent with the innocence of defendant as to how he came to testify as he did testify. The court, holding as it did never reached the issue of whether the jury should have been instructed to disregard any inconsistent statement of defendant in determining his guilt of perjury.

The sworn statement of the defendant at the plea proceedings being voluntary and corroborative of the testimony of the security officer satisfies the quantitative evidence rule, and the evidence thus considered makes a submissible case.

The conviction is affirmed.

All concur.

---

1. The official Missouri report is quoted above for the text of the Hunter opinion. The Southwestern Reporter version contains a typographical error which changes the whole tenor of the opinion. Most likely it is this typographical error which has caused so much confusion. The Southwestern Reporter version substitutes the word "admissible" for the word "inadmissible."