STATE of Missouri,
Plaintiff-Respondent,

v.

Robert McCLELLAND, Sr.,
Defendant–Appellant.

No. 14962.

Missouri Court of Appeals,
Southern District,
Division One.

May 20, 1988.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

GREENE, Presiding Judge.

On October 8, 1987, this district filed an opinion reversing the judgment. Thereafter, on October 30, 1987, this district denied respondent's motion for rehearing or to transfer to the Supreme Court. Respondent then filed an application for transfer with the Supreme Court, which was sustained on December 15, 1987. On May 17, 1988, the Supreme Court entered the following order: "Cause ordered retransferred to the Missouri Court of Appeals, Southern District." With the addition of this paragraph, our original opinion is readopted. It is set out hereafter.

The controlling issue here is whether a person may be convicted of the crime of perjury, § 575.040, RSMo 1978, for making a relevant statement of fact while under oath in a court proceeding, having made inconsistent prior statements regarding the subject matter, without strong corroborating evidence that the prior inconsistent statements were true. The answer is no.

Robert McClelland, Sr. was charged with and jury-convicted of the class C felony of perjury and court-sentenced to four years' imprisonment. The pertinent portions of the information charging McClelland with the crime are as follows:

[O]n or about the 20th day of January, 1986, in the County of Newton, State of Missouri, the defendant, while a witness under oath, legally administered in a Preliminary Hearing in State of Missouri vs. Robert McClelland, Jr., for First Degree Assault, a class A felony, before the Circuit Court of Newton County, Division II, with the purpose to deceive, knowingly testified falsely to a material fact, in this to-wit: defendant testified he did not know who stabbed him on January 11, 1986, and had not given any statements to police regarding the alleged assault by Robert McClelland, Jr., that said testimony is false, and that the truth of the matter is defendant gave statements to law enforcement officers and that the issue upon which the testimony was given was on the January 11, 1986 assault on Robert McClelland, Sr.

The incident which precipitated the filing of the perjury charge was a fight that occurred at the residence of Marva Hester, McClelland's former wife, on the evening of January 11, 1986. During the melee, McClelland received three stab wounds to

his back. Later that evening, while at a local hospital receiving treatment for his wounds, McClelland told several investigating law enforcement officers that he had been stabbed by his son, Robert McClelland, Jr. (Junior).

Junior was then charged with the crime of first degree assault. At Junior's preliminary hearing, McClelland, after being duly sworn, testified that he did not know who stabbed him, as it was dark and he was drunk. Since the prosecutor failed to produce any evidence as to who stabbed McClelland, the judge found no probable cause, and discharged Junior. The perjury charge against McClelland followed.

At McClelland's trial, the only relevant evidence the state presented was the testimony of a number of law enforcement officers who testified that McClelland told them Junior had stabbed him, and the prosecutor's testimony that during Junior's preliminary hearing, McClelland testified under oath that he did not know who stabbed him. At the close of the evidence, McClelland's attorney moved for judgment of acquittal on the ground that the state had not made a submissible case because the only evidence presented was the inconsistent statements. The prosecutor responded that "all that is required for a submissible case is that the inconsistent statement be made to more than one party." The trial court overruled the motion. The jury convicted McClelland, the judge pronounced sentence, and this appeal followed.

Several issues were raised by McClelland on appeal, one of which is dispositive. He contends that the trial court erred in overruling his motion for judgment of acquittal filed at the close of the state's evidence because there was not sufficient evidence to submit the case to the jury. We agree, and reverse.

Section 575.040.1, RSMo 1978, provides that "[a] person commits the crime of perjury if, with the purpose to deceive, he knowingly testifies falsely to any material fact upon oath or affirmation legally administered, in any official proceeding before any court, public body, notary public or other officer authorized to administer oaths."

It has long been the law of Missouri that mere evidence that the defendant had made prior declarations that contradicted the later sworn testimony was not sufficient to support a conviction for perjury, *State v. Byrd*, 676 S.W.2d 494, 504 (Mo. banc 1984), absent strong corroborative evidence tending to show the later testimony is false. *State v. Carter*, 315 Mo. 215, 285 S.W. 971, 971–72 (1926). *See also State v. Seltzer*, 655 S.W.2d 75, 77 (Mo.App.1983), and cases cited therein.

There was no strong corroborative evidence to support the state's witnesses' version of McClelland's pre-preliminary hearing inconsistent statements. The mere fact that there was a family relationship between McClelland and his son does not, in and by itself, comprise the strong corroboration that the law requires.[1]

The trial judge erred in overruling McClelland's motion for judgment of acquittal which was filed at the close of the state's evidence.

The judgment of the trial court is reversed.

CROW, C.J., and HOLSTEIN, J., concur.

---

1. In *State v. Chavez*, 735 S.W.2d 127 (Mo.App. 1987), relied on by the state as an argument for affirmance here, family relationship was held to be a corroborating circumstance, but was not, in and by itself, enough to establish the corroboration required by law. Additional factors, such as prior sworn contradictory statements and judicial admissions that such prior sworn statements were true, were part of the evidence. *Chavez* is distinguishable on its facts.